UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO G. GARCIA, | ) | 1:09-CV-00869 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| JAMES A. YATES, Warden, | ) | |
| | ) | ORDER DECLINING ISSUANCE OF |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on August 28, 2007, of residential burglary (Cal. Penal Code § 459), indecent exposure (Cal. Penal Code § 314(1)), and attempted lewd and lascivious conduct with a child 14- or 15-years old who is at least 10 years younger than the defendant (Cal. Penal Code § 664/288(c)(1)). See Petition at 2. Petitioner admitted allegations that he had suffered three prior convictions and had served two prior prison terms within the meaning of Cal. Penal Code § 667.5(b). See Opinion of the California Court of Appeals attached to Petition (hereinafter "Opinion") at 2.  On that same date, he was

sentenced to state prison for a determinate term of eight years. Id.

Petitioner timely appealed to the California Court of Appeals, Fifth Appellate District. On September 22, 2008, the judgment was affirmed in a reasoned decision. Id. Petitioner then filed a petition for review in the California Supreme Court. On December 10, 2008, the petition was summarily denied. (LD 5.[1])

On May 18, 2009, Petitioner filed a federal habeas petition in this Court. On June 19, 2009, he filed a first amended petition. Respondent filed an answer to the amended petition on September 3, 2009. Petitioner filed a traverse on October 19, 2009.

## FACTUAL BACKGROUND[2]

In the early morning, 14-year-old M.R. awoke to find Petitioner standing an arm's length away and looking down at her. She recognized Petitioner as the next-door neighbor who had been to the house the evening before. M.R. told Petitioner to leave and he appeared to do so.

Shortly thereafter, M.R. again woke up to find Petitioner standing in front of her. He was closer to her than before. Petitioner had his penis exposed and was masturbating. M.R. asked Petitioner what he was doing and he replied, "Nothing, nothing." Petitioner then covered himself with his shirt. When M.R. asked Petitioner to leave, he walked away while continuing to masturbate. See Opinion at 2.

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly,

---

[1] "LD" refers to the documents lodged by Respondent with his answer.

[2] The factual background is taken from the opinion of the state appellate court and is presumed correct. 28 U.S.C. § 2254(e)(1).

1  the Court has jurisdiction over the action.

2  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114
F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.
denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)
(holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was
filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II.  Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death
Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70
(2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the
adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme Court of the United
States" or "resulted in a decision that was based on an unreasonable determination of the facts in
light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,
538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established
Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
*quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court
must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly
established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by
the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id</u>. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." <u>Id</u>. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. <u>Souch v. Schaivo</u>, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petition**

Petitioner claims there was insufficient evidence to find him guilty of an attempted lewd or lascivious act on the victim.

This claim was presented on direct appeal to the Fifth DCA, where it was rejected in a reasoned opinion. <u>See</u> Opinion. Petitioner then presented the claim to the California Supreme Court

where it was summarily denied. (LD 5.) The California Supreme Court, by its "silent order" denying review of the Fifth DCA's decision, is presumed to have denied the claim presented for the same reasons stated in the opinion of the Fifth DCA. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The appellate court discussed and denied Petitioner's claim as follows:

> A conviction for committing a lewd and lascivious act upon a child in violation of section 288 requires a touching of the child's body. (*People v. Martinez* (1995) 11 Cal.4th 434, 444.) Here, appellant did not touch M.R. Consequently, appellant was charged with attempting to commit a lewd and lascivious act.
>
> The prosecution's theory of the case was that appellant intended to touch M.R. by ejaculating on her. The jury was instructed that the requisite touching could be done indirectly by causing an object or substance to touch the other person. Based on the above evidence, the jury found appellant guilty of the attempt.
>
> Appellant contends there was no evidence that he intended to ejaculate on M.R. and that the jury could not reasonably infer the existence of such intent. Therefore, appellant argues, the evidence is insufficient to uphold the conviction.
>
> *DISCUSSION*
>
> In reviewing a challenge to the sufficiency of the evidence, the appellate court must review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence, i.e., evidence that is reasonable, credible, and of solid value, such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Hillhouse* (2002) 27 Cal.4th 469, 496.) The court must also presume the existence of every fact that the trier of fact could reasonably infer from the evidence in support of the judgment. (*People v. Crittenden* (1994) 9 Cal.4th 83, 139.) "Unless it is clearly shown that 'on no hypothesis whatever is there sufficient substantial evidence to support the verdict,' the conviction will not be reversed." (*People v. Misa* (2006) 140 Cal.App.4th 837, 842.) The reviewing court's opinion that the circumstances might also be reasonably reconciled with a contrary finding is irrelevant. (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.)
>
> "An attempt to commit a crime requires a specific intent to commit the crime and a direct but ineffectual act done toward its commission." *People v. Kipp* (1998) 18 Cal.4th 349, 376.) Mere preparation such as planning or mere intention to commit a crime is insufficient to constitute an attempt. Nevertheless, an act that indicates a certain, unambiguous intent to commit that specific crime, and that is an immediate step in the present execution of the criminal design, is sufficient. (*People v. Jones* (1999) 75 Cal.App.4th 616, 627.) However, the act need not be the last proximate or ultimate step toward commission of the substantive crime. (*People v. Kipp, supra,* 18 Cal.4th at p. 376.)
>
> In arguing to the jury that appellant's intent was to touch the victim by ejaculating on her, the prosecutor explained that if appellant had just wanted to gratify himself by masturbating in the victim's presence, he could have done so from a corner of the room. However, appellant instead chose to position himself in front of the victim's face. In other words, by getting very close to the victim while masturbating, appellant was attempting to commit a lewd act.
>
> Appellant argues that it is not more reasonable to suppose that appellant got near the victim to ejaculate on her than it is to infer that he got close to her simply because it was more arousing than standing farther away. However, a conviction will not be reversed simply

      because the circumstances might be reasonably reconciled with a contrary finding. The jury could reasonably infer that, by standing close to the victim's face and masturbating, appellant intended to touch the victim by ejaculating on her.

See Opinion at 2-4.

      In reviewing insufficiency of evidence claims, California courts expressly follow the Jackson standard enunciated in Jackson v. Virginia, 443 U.S. 307 (1979). See People v. Johnson, 26 Cal.3d 557, 575-578 (1980); see also People v. Thomas, 2 Cal.4th 489, 513 (1992). Pursuant to the Supreme Court's holding in Jackson, the test in determining whether a factual finding is fairly supported by the record is as follows:

> "[W]hether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Jackson, 443 U.S. at 319; see also Lewis v. Jeffers, 497 U.S. 764, 781 (1990).

      This Court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1); Kuhlmann v. Wilson, 477 U.S. 436, 459 (1986). This presumption of correctness applies to state appellate determinations of fact as well as those of the state trial courts. Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir.1990). Although the presumption of correctness does not apply to state court determinations of legal questions or mixed questions of law and fact, the facts as found by the state court underlying those determinations are entitled to the presumption. Sumner v. Mata, 455 U.S. 539, 597 (1981).

      A review of the record reveals there was substantial evidence from which a rational trier of fact could have found Petitioner guilty of attempting a lewd or lascivious act on the victim. The appellate court noted that a lewd and lascivious act required a touching of the body. However, the touching could be accomplished by something other than the defendant's person, such as a substance or object. In this case, the prosecution argued Petitioner attempted a touching by intending to ejaculate on her. The evidence shows the victim awoke with Petitioner standing an arm's length away from her. (RT 88-89.[3]) Shortly after the victim told him to leave, she awoke to find him even closer now, standing above her and in front of her face, and masturbating. (RT 92-93.) The victim

---

[3]"RT" refers to the Reporter's Transcript on Appeal.

interrupted him by asking what he was doing. (RT 94.) He stated, "Nothing, nothing," and left while continuing to masturbate. (RT 94-95.) From these facts, a jury could reasonably find Petitioner attempted to commit a lewd and lascivious act on the victim, specifically, by ejaculating on her. Therefore, the state court determination was not contrary to, or an unreasonable application of, Federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). The claim must be rejected.

**IV.  Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at

1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment for Respondent and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   October 29, 2009**            /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE